UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

SYLVESTER TWINE,                        09 Civ. 7631

             Plaintiff,           OPINION

  -against-

FOUR UNKNOWN FEDERAL AGENTS ET AL.,

             Defendants.

------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-26-11

**Sweet, D.J.**

        Plaintiff Sylvester Twine ("Plaintiff" or "Twine") has moved under Fed. R. Civ. P. 60(b)(3) and (b)(6) to vacate his voluntary dismissal of this action. Defendants Special Agent Michael Powers, FBI; Detective Jeff Valenzano, New York City Police Department, Special Deputized United States Marshal; Detective Rogelio Torres, New York City Police Department, Special Deputized United States Marshal; and Sergeant Gerard Pappas, New York City Police Department, Special Deputized United States Marshal (collectively, the "Federal Defendants") oppose Plaintiff's motion. Upon the conclusions set forth below, Plaintiff's motion is denied.

**Statement of Facts**

Twine initially brought suit on September 2, 2009 against "Four Unknown Federal Agents" and "one NYPD officer." Twine has since amended his complaint twice, eventually replacing the unknown federal agents with the Federal Defendants, and adding additional non-federal parties.

On September 7, 2010, in the criminal case United States of America v. Sylvester Twine, a/k/a "Twan", et al., No. 08 Cr. 0187 (E.D.N.Y.), Twine, while represented by his criminal defense attorney, entered into a voluntary plea agreement (the "Plea Agreement"). He agreed to plead guilty to a lesser included offense contained within his criminal indictment, which charged him with conspiracy to distribute and possession with intent to distribute narcotics, among other things. The Plea Agreement contained the following language: "The defendant agrees to move to dismiss with prejudice his civil lawsuit entitled Sylvester Twine v. Four Unknown Federal Agents et al., 09-CV-7631 (RWS), which is pending in the Southern District of New York, and agrees to release all claims with respect to the subject matter of the lawsuit." Plea Agreement at ¶ 5. As part of the Plea Agreement, the United States Attorney's Office for

the Eastern District of New York (the "Government") agreed to "take no position concerning where within the Guidelines range determined by the Court the sentence should fall" and "make no motion for an upward departure under the Sentencing Guidelines." Plea Agreement at ¶ 6.

Twine's plea allocution took place on September 7, 2010 before the Honorable Dora L. Irizarry, United States District Judge in the Eastern District of New York. The Court and Twine engaged in the following exchange regarding the Plea Agreement:

> The Court: But specifically, I'm going to refer you to paragraph five. I see you have a copy of it before you.
>
> The Defendant: Yes, ma'am.
>
> The Court: And I just want to make sure that you understand that by entering into this agreement, that you agree to move to dismiss with prejudice a civil lawsuit that you filed in the Southern District of New York, entitled <u>Sylvester Twine versus Four Unknown Federal Agents, et al.</u>, under Docket Number 09 cv 7631. RWS is the judge who has the case. Do you understand that?
>
> The Defendant: Yes, ma'am.
>
> The Court: And understanding that, you're still willing to enter into this plea agreement?
>
> The Defendant: Yes, Your Honor.

3

Transcript of Sept. 7, 2010 Plea Allocution, <u>USA v. Sylvester Twine, a/k/a "Twan", et al.</u>, No. 08 Cr. 0187 (E.D.N.Y.), at 17:11-24.

Twine upheld his promise and voluntarily dismissed all claims against the Federal Defendants on September 7, 2010 through a signed Notice of Voluntary Dismissal. He voluntarily dismissed all remaining claims against non-federal defendants on January 14, 2011.

On January 4, 2011, Twine submitted a letter to the Court in his criminal case, requesting that the Court depart downward from the Sentencing Guidelines in assigning his sentence. On January 11, 2011, the Government opposed Twine's letter, stating that a downward departure was inappropriate and requesting "that the Court sentence the defendant to a Guidelines sentence." The Government did not take a position as to where within the applicable Sentencing Guidelines range that sentence should fall. At Twine's January 19, 2011 sentencing, the Government reiterated its position that a below-Guidelines sentence was not appropriate, but it did not otherwise state a position. <u>See</u> Transcript of Sentencing, <u>USA v. Sylvester Twine</u>, No. 08 Cr. 0187 (E.D.N.Y.), at 15:12-17:10. The Court sentenced

Twine to 105 months incarceration, which was a sentence at the top of the Guidelines range.

On February 1, 2011, Twine filed a Notice of Criminal Appeal in the United States Court of Appeals for the Second Circuit. On March 24, 2011, the Government moved to dismiss Twine's appeal based upon the condition in the Plea Agreement that Twine would waive appeal rights in the event he received a sentence of 168 months or below.

On March 14, 2011, Plaintiff filed the present motion for an order vacating his voluntary dismissal of this action. Plaintiff's motion was considered fully submitted on April 27, 2011.

**The Applicable Standard**

A plaintiff may have his voluntary dismissal vacated under Fed. R. Civ. P. 60(b)(3) and (b)(6) on the basis of "fraud... , misrepresentation, or misconduct by an opposing party," or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), 60(b)(6). Such motions are generally disfavored. See Lee v. Marvel Enters., Inc., No. 02 Civ. 8945,

2011 U.S. Dist. LEXIS 11297, at *13-14 (S.D.N.Y. Feb. 4, 2011) (quoting Canale v. Manco Power Sports, LLC, No. 06 Civ. 6131, 2010 U.S. Dist. LEXIS 69652, at *6 (S.D.N.Y. Jul. 13, 2010)). "[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations." Fleming v. New York University, 865 F.2d 478, 484 (2d Cir. 1989) (citing Mastini v. American Tel. & Telegraph Co., 369 F.2d 378, 379 (2d Cir. 1966), cert. denied, 387 U.S. 933 (1967); Nederlandsche Handel-Maatschappij, N.V. v. Jay Emm, Inc., 301 F.2d 114, 115 (2d Cir. 1962)). "[A] proper case for Rule 60(b)(6) relief is only one of extraordinary circumstances, or extreme hardship." Harris v. United States, 367 F.3d 74, 81 (2d Cir. 2004) (quoting United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977) (internal quotation marks omitted); see also Lee, 2011 U.S. Dist. LEXIS 11297, at *25 ("'Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice.'") (quoting U.S. v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir. 1993), cert. denied, 510 U.S. 813 (1993)).

Courts interpret plea agreements in accordance with the principles of contract law. United States v. Riera, 298 F.3d 128, 133 (2d Cir. 2002) (citing United States v. Padilla,

186 F.3d 136, 139 (2d Cir. 1999)). In interpreting a plea agreement, courts must "look to what the parties reasonably understood to be the terms of the agreement," and the Court must construe ambiguous terms against the Government. United States v. Miller, 993 F.2d 16, 20 (2d Cir. 1993); United States v. Lawlor, 168 F.3d 633, 636 (2d Cir. 1999) (quoting Miller, 993 F.2d at 20). The courts must ensure that the Government's conduct comports with "the highest standard of fairness." Lawlor, 168 F.3d at 637.

**The Government Did Not Violate the Terms of the Plea Agreement**

Plaintiff contends that the Government breached the Plea Agreement by taking the position that Plaintiff should not receive a below-Guidelines sentence, and that because the Plea Agreement was breached, he is no longer bound by his agreement to dismiss his claims in this action. The Plea Agreement unambiguously precluded the Government from (a) taking a position as to where within the Guidelines range determined by the Court the sentence should fall; and (b) moving for an upward departure from the Guidelines. Plea Agreement at ¶ 6. Therefore, the Government could argue for a Guidelines sentence or a downward departure.

The Government did the former when it opposed Plaintiff's attempt to obtain a downward departure from the Sentencing Guidelines in its January 11, 2011 letter and at the sentencing hearing. It merely encouraged the Court to sentence Twine within the Guidelines range, a position the Government could take in accordance with the Plea Agreement. The Government did not seek an upward departure, nor did it specify a sentence within the Guidelines range.

Twine argues that the Government breached the Plea Agreement by taking any position at all at sentencing, relying upon United States v. Cruso, 536 F.2d 21 (3rd Cir. 1976) and United States v. Avery, 589 F.2d 906 (5th Cir. 1979) cert. denied, 450 U.S. 933 (1981). Both Cruso and Avery presented materially different facts resulting in their respective holdings. In Cruso, the Government had attacked the criminal defendant's character in rebuttal to the defendant's arguments for leniency. 536 F.2d at 25. Unlike here, the Government had made an "unqualified promise not to take a position on the sentence." Id. at 26. Thus, the Government breached its agreement, and the defendant was permitted to withdraw his guilty plea. Id. In Avery, the Government had promised "that at the time of sentencing they will make no recommendation and

8

stand mute." 589 F.2d at 907. The defendant contended that the Government had made arguments about the defendant's criminal history in its pre-sentence investigation report, which the Court of Appeals found could potentially violate the terms of the plea agreement. Id. at 908. In both Cruso and Avery, the Government had promised to make no statements at all, unlike here. The Plea Agreement in this case bars the Government from taking two specific positions with regard to sentencing, and the Government complied with the Agreement in arguing broadly for a Guidelines sentence.

Twine also cites United States v. Casamento, 887 F.2d 1141, 1181 (2d Cir. 1989), and United States v. Corsentino, 685 F.2d 48 (2d Cir. 1982), for the proposition that the Government's sentencing memorandum violated the plea agreement because it did not expressly reserve the right to file such a memorandum. Both of these cases are distinguishable. In Casamento, the Government did not reserve the right to comment on the nature of the defendant's crimes, but it was allowed to oppose arguments made by the defendant. 887 F.2d at 1180. The Government then filed a sentencing memorandum before the defendant had submitted any materials. Id. at 1181. The Court of Appeals held that the Agreement did not allow the Government

9

to make such a submission, and that the Government had violated the plea agreement. Id. However, the Court went on to find that the Government could have made the same statements in rebuttal, and the defendant was not entitled to resentencing. Id. at 1182. In Corsentino, the Government had broadly promised to take no position at sentencing yet filed a sentencing memorandum and made statements in court encouraging a more severe sentence assignment. 685 F.2d at 49. The Court of Appeals held that the plea agreement had been breached and that the defendant was entitled to resentencing. Id. at 52. In both Casamento and Corsentino, unlike here, the Government had breached the terms of their plea agreements with the defendants. Notably, in Corsentino, the Court advised prosecutors to use language like that used here, which narrowly and specifically delineated arguments the Government could not make at sentencing. 685 F.2d at 51. The Government in this case was careful to both sign an agreement which only excluded certain arguments at sentencing and comply with that agreement.

Twine claims that the Government's letter also violated the Plea Agreement by relating to the Court the facts of his crime and the seriousness of his criminal history. Nothing in the Plea Agreement prohibited the Government from

providing such information to the Court in opposing Plaintiff's motion for a downward departure, so long as the Government did not also argue for an upward departure or a specific sentence within the Guidelines. Plaintiff seeks to use the Plea Agreement to tie the Government's hands to an extent beyond the Agreement's terms.

Twine has failed to provide "clear and convincing evidence of material misrepresentations" by the Government or other "extraordinary circumstances or extreme hardship," as required to succeed in a Rule 60(b)(3) or (b)(6) motion, and he has made no plausible argument that the Government deviated from its obligations under the Plea Agreement. See Fleming, 865 F.2d at 484; Harris, 367 F 3d at 81.

As an alternative to vacating his voluntary dismissal, Plaintiff has requested that the Court stay this motion pending the resolution of his criminal appeal. Both parties agree that the ongoing validity of the Plea Agreement, the very issue presented here, is likely to be addressed by the Second Circuit. In light of that appeal, Plaintiff may renew his now-denied motion to vacate should the Second Circuit issue an opinion that is materially inconsistent with this opinion.

11

## Conclusion

For the foregoing reasons, Plaintiff's motion to vacate his voluntary dismissal is denied with leave to renew pending the results of Plaintiff's criminal appeal.

New York, NY
July 22, 2011

_____
ROBERT W. SWEET
U.S.D.J.

12