UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

SYLVESTER TWINE,

                Plaintiff,          09 Civ. 7631

  -against-                     OPINION

MICHAEL POWERS, FBI,
JEFF VALENZANO, U.S. MARSHAL,
ROGELIO TORRES, U.S. MARSHAL,
GERARD PAPPAS, U.S. MARSHAL,
ONE K-9 UNIT OFFICER,
ONE K-9, GERMAN SHEPARD, AND
NEW YORK CITY, AMTRAK PENN STATION,

                Defendants.

------------------------------------------X

A P P E A R A N C E S:

        Pro Se

        SYLVESTER TWINE
        Reg. # 15561-056
        United States Penitentiary McCreary
        P.O. Box 3000
        Unit 4A
        Pine Knot, KY  42635

        Attorney for Defendant Amtrak

        LANDMAN, CORSI, BLLAINE & FORD, P.C.
        One Gateway Center
        Newark, NJ  07102
        By:  Gerald T. Ford, Esq.

**Sweet, D.J.**

The plaintiff, pro se, Sylvester Twine ("Twine," or the "Plaintiff") has moved for reconsideration of the July 26, 2011 order denying the Plaintiff's motion, filed pursuant to Fed. R. Civ. P. 60(b)(3) and (b)(6), to vacate his voluntary dismissal of the above-captioned civil action (the "July 26 Order"). Reconsideration is denied for the reasons set forth below.

Twine initially brought suit on September 2, 2009 against "Four Unknown Federal Agents" and "one NYPD officer." On September 7, 2010, Twine, while represented by counsel, entered into a voluntary plea agreement in which he agreed to dismiss the above-captioned civil lawsuit. As part of the plea agreement, the Government agreed to "take no position concerning where within the Guidelines range determined by the Court the sentence should fall" and "make no motion for an upward departure under the Sentencing Guidelines." The July 26 Order concluded that the Government's opposition to the Plaintiff's request for a sentence outside the applicable Guidelines range was not prohibited by the plea agreement. The Plaintiff has now moved for reconsideration of the July 26 Order, alleging that the Government "violated the plea agreement by taking a position

1

where within the guidelines determined by the court the sentence shall fall."

Defendant Amtrak contends that the Plaintiff's motion for reconsideration is time-barred pursuant to Local Civil Rule 6.3. Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule . . . a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." The Court's decision denying Plaintiff's motion to vacate was entered on July 26, 2011, but the Plaintiff's motion for reconsideration was not filed until August 30, 2011, outside the fourteen day window. Twine contends that he received the July 26 Order on August 18, 2011 and that he filed his motion reconsideration on August 27. The Court need not decide whether the Plaintiff's motion is time-barred because, even if it is assumed that Twine filed his motion within the allotted time, the motion fails to raise any points of law or fact that the Court overlooked.

A motion for reconsideration under Local Civil Rule 6.3 "will generally be denied unless the moving party can point

to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reach by the court." Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court," and may not be used to advance new fact, issues, or arguments not previously presented to the court. Id. at 461-62. A court should deny a motion for reconsideration when the movant "seeks solely to relitigate an issue already decided." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995). Here, the Plaintiff's motion has failed to identify any matters that the Court overlooked in the July 26 Order.

The Plaintiff alleges, for the first time, that his sentence violates United States v. Barnes, 158 F.3d 662 (2d Cir. 1998) which held that when a defendant has been found guilty on a single count of conspiracy involving multiple controlled substances, the district court must sentence the defendant as if he were convicted of conspiracy involving only the drug that triggers the lowest statutory sentencing range. Notwithstanding the Plaintiff's contentions, Twine was sentenced using the lowest included offense listed in Count One. The plea agreement explicitly identified that Plaintiff's statutory penalty is

3

prescribed by 21 U.S.C. § 841(b)(1)(B)(ii)(II), which provides that possession of five hundred grams or more of cocaine carries a statutory sentence between five years and not more than forty years. The other offense listed in Count One, conspiracy to distribute fifty grams or more of cocaine base, at the time of Twine's indictment carried a maximum penalty of life imprisonment and a minimum of ten years in prison. 21 U.S.C. § 841(b)(1)(A)(iii).[1] The Plaintiff received a sentence of 105 months' incarceration. As such, the Plaintiff received a sentence based on the substance that carried the lowest statutory range.

---

[1] In the version of the statute effective at the time of Twine's indictment, 21 U.S.C. § 841(b)(1)(A)(iii) provided a minimum sentence of ten years and a maximum sentence of life for a violation involving 50 grams or more of a mixture or substance containing cocaine base. Under the current version of 21 U.S.C. § 841(b)(1)(A)(iii), which became effective on August 3, 2010, the threshold amount of a mixture or substance containing cocaine base has changed from 50 grams to 280 grams. For a violation involving 50 grams of a mixture or substance containing cocaine base, the current version of the statute provides a penalty of imprisonment for not less than five years and not more than forty years, see 21 U.S.C. § 841(b)(1)(B)(iii), the same range for an offense involving 500 grams or more of a mixture or substance containing a detectable amount of cocaine, see 21 U.S.C. § 841(b)(1)(B)(ii)(II). Regardless of whether the previous or present version of the statute is applied, Twine was sentenced within the lowest applicable range.

4

Finally, it should be noted that the July 26 Order denied the Plaintiff's motion to vacate with leave to renew pending the results of the Plaintiff's criminal appeal of his sentence. As noted in the July 26 Order, "the ongoing validity of the Plea Agreement, the very issue presented here, is likely to be addressed by the Second Circuit." Should the Second Circuit conclude that the Government's actions were inconsistent with the plea agreement, the Plaintiff will be able to renew this matter.

For the reasons set forth above, the motion to reconsider is denied.

It is so ordered.

**New York, NY**
**March 7, 2012**

_____
ROBERT W. SWEET
U.S.D.J.

5